WILLIAMS, Plaintiff-Appellee, v. P. W. PUBLISHING CO., Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23903. Decided March 7, 1957.

Orgill, Klein, Loux & Wickham, for plaintiff-Appellee.
John G. Shackelford, for defendant-appellant.
Gingher & Christensen, Baker, Hostetler & Patterson, Amicus Curiae.

(Judges of the Ninth District sitting by designation in the Eighth District.)

## OPINION

By STEVENS, J.

On November 6, 1952, the appellee, as plaintiff, filed an action for divorce and alimony against her husband, Carroll E. Williams, wherein she charged her husband with gross neglect of duty and extreme cruelty, as set forth in the petition.

On December 22, 1952, Carroll E. Williams filed his answer and cross-petition in said action for divorce, and in the cross-petition he charged the plaintiff with extreme cruelty as follows:

"1. Immediately after plaintiff and defendant were married plaintiff sought to have sexual relations with the defendant in an unnatural manner, much to the disgust of the defendant; that plaintiff harrassed and nagged the defendant to allow the unnatural acts to be done, while the defendant at all times refused; that the worry of plaintiff's persistence in these attempts made the defendant seek other quarters for living apart from the plaintiff."

On January 10, 1953, The P. W. Publishing Co., Inc., in its newspaper, "Call and Post," published the following:

"Williams countered by charging his wife with constant nagging, trying to force him to submit to unnatural sex acts * * *.

"* * *

"Williams, in his cross-petition, made the following accusations against his wife:

"1. Immediately after their marriage she sought to have unnatural sexual relations with him and harassed and nagged him to allow her to commit these unnatural sexual acts. Because of her continual worrying him to submit to such sex perversion, which he always refused, he had to seek living quarters away from her." (Emphasis ours.)

Thereafter, on August 24, 1953, the plaintiff, Mary Pringle Williams, filed an action against The P. W. Publishing Co., Inc., et al., seeking damages for libel.

The cause came on to be heard before the court and a jury, and, upon submission to the jury,. a verdict in the amount of $2,500 in favor of plaintiff, and against the defendant The P. W. Publishing Co., Inc., was returned.

After the entry of judgment on the verdict and the overruling of defendant's motion for a new trial, this appeal on questions of law and fact was filed. The appeal has since been reduced to an appeal on questions of law, and the case was submitted to this court as such appeal.

The errors assigned by appellant may be grouped into the following assignments:

1. The verdict and judgment are contrary to the manifest weight of the evidence and contrary to law.

2. Error in the charge of the court.

It will be observed, from an examination of plaintiff's petition, that she charged the libel in the exact words of the defendant's publication.

It will be further observed that the publication in defendant's paper was not in the words of the cross-petition of Carroll E. Williams. The cross-petition made no mention of "sex perversion," but alleged that "plaintiff sought to have sexual relations with the defendant in an unnatural manner * * *."

We therefore do not have in this case the question of the qualified privilege which permits the publication without liability, of fair and impartial reports of the contents of pleadings.

Here, there was included in the publication the interpretation which the defendant placed upon the words used in the pleading, with the result that "sex perversion" by the plaintiff was charged, whereas the cross-petition of the husband did not so charge.

The principal defense of The P. W. Publishing Co. was its claim of qualified privilege under the terms of §11343-2 GC. That section provided:

"The publication of a fair and impartial report of the return of any indictment, the issuing of any warrant, the arrest of any person accused of crime, or the filing of any affidavit, pleading or other document in any criminal or civil cause in any court of competent jurisdiction, or of a fair and impartial report of the contents thereof, shall be privileged, unless it is proved that the same was published maliciously, or that the defendant has refused or neglected to publish in the same manner in which the publication complained of appeared, a reasonable written explanation or contradiction thereof by the plaintiff, or that the publisher has refused, upon request of the plaintiff, to publish the subsequent determination of such suit or action; provided, that nothing in this act shall authorize the publication of blasphemous or indecent matter."

The amendment of the section as §2317.05 R. C., effective October 1, 1953, was minor and inconsequential.

If the contents of defendant's publication of and concerning plaintiff conformed to the provisions of the statute above set forth, then the publication was privileged. If it did not so conform, then the privilege was lost.

"Perversion" is defined in Webster's New International Dictionary, Second Edition, as: "3. Psychopathol. A maladjustment of the sexual life, such that satisfaction is sought in aberrant ways, as in sadism, masochism, exhibitionism, etc."

The term "sex perversion," in its usual connotation, to persons of average intelligence, imports a more abhorrent concept than do the words "sexual relations in an unnatural manner." The former imputes the attributes of sodomy, a crime, as defined in our statute, §2905.44 R. C.; the latter may not.

The phrase "sexual relations in an unnatural manner:" is susceptible

of two or more interpretations: (1) It may contemplate copulation through the normal use of male and female sexual organs, but in an unusual or unnatural position or location; or (2) It may be susceptible of the construction attached to "sex perversion," above.

However, "sex perversion," in our judgment, connotes but one concept—viz., the aberrant satisfaction of sexual desires through other than normal copulative procedures. It is, accordingly, a term of greater opprobrium than is the phrase "sexual relations in an unnatural manner."

Undoubtedly it is true, under §11343-2 GC, now §2317.05 R. C., that the publication, in terms of legal or medical conclusions contained in pleadings, is privileged, even though the conclusions state charges which would otherwise be libelous per se. And where the publication is confined, without embellishment by a recitation of the details, or the publisher's interpretation of the meaning of the words used where they are susceptible of more than one interpretation, to a fair and impartial report of the contents of the pleading, it is privileged under the statute.

Here, however, when the defendant corporation published its own interpretation of the meaning of the words used in Williams' cross-petition and charged plaintiff with "sex perversion," it accused plaintiff not only of a violation of the moral law, but also of a violation of the criminal law.

Such charge was not privileged under the terms of the statute, supra, and was libelous per se upon two grounds: (1) It exposed the plaintiff to hatred, ridicule, contempt, shame, or disgrace. (2) It imputed to the plaintiff the commission of a crime (sodomy).

The publication, as herein set forth, being admitted by defendant, there is no question as to the judgment being manifestly against the weight of the evidence. It is not, but on the contrary is fully supported thereby.

The factual situation here presented was such as required the trial court to resolve the questions of privilege and of the type of libel as a matter of law, and to instruct the jury to return a verdict for plaintiff. This was true because, as a matter of law, the publication was not privileged, and the publication was, as a matter of law, libelous per se. **Mauk v. Brundage, 68 Oh St 89, par. 2 of syllabus.**

It is next asserted that the charge of the court was prejudicially erroneous in a variety of respects.

We have carefully studied the charge in its entirety. It did contain errors, and some inconsistencies, as charged. However, we are of the opinion that such errors and inconsistencies as it contained were not prejudicial to the substantial rights of defendant.

We are further of the opinion that substantial justice has been accomplished in this case.

The judgment will be affirmed.

HUNSICKER, PJ, DOYLE, J, concur.